IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JEROME JULIUS BROWN *
      Plaintiff,
v. * CIVIL ACTION NO. ELH-13-1277

BROWN COUNTY CIRCUIT COURT, et al. *
      Defendants.
                                        ***

MEMORANDUM

On April 29, 2013, Jerome Julius Brown ("Brown"), a detainee at the Western State Hospital in Staunton, Virginia, filed a complaint seeking $103,000.00 in damages. The action contains run-on, nonsensical statements which seemingly discuss forged and falsified contracts related to real property. Attached to the action, however, is a copy of an arrest warrant issued in Brown's name in the Commonwealth of Virginia for forging a public record or certificate on Department of Motor Vehicle forms. ECF No. 1 at attachment. The cause of action or nature of suit itself is otherwise completely incomprehensible.

Plaintiff has filed over 106 cases with the court and is subject to pre-filing restrictions under *In re: Jerome J. Brown*, Misc. No. 04-465 (D. Md.).[1] His previous actions in the court generally consist of rambling memoranda and indecipherable attachments. This case is no different.

While self-represented actions are to be generously construed, federal courts are not required to conjure up questions never squarely presented to them. *See Beaudett v. City of Hampton*, 775 F. 2d 1274, 1277 (4th Cir. 1985). Further, a pleading which sets forth a claim for relief shall contain a

---

[1] The miscellaneous standing order prohibits Brown from entering the Northern and Southern Divisions of the court, limits him to one active case at a time, restricts the manner in which Brown may file papers with the court, and directs how the Clerk is to handle/return the papers.

short and plain statement of the grounds upon which the court's jurisdiction depends; a short and plain statement of the claim showing that the pleader is entitled to relief; and a demand for judgment for the relief the pleader seeks. *See* Fed. R. Civ. P. 8(a).

Although pleadings filed by self-represented litigants must be "liberally construed" and "held to less stringent standards than those by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the facts alleged must be enough to raise a right to relief above the speculative level. They require "more than labels and conclusions," as "courts are not bound to accept as true a legal conclusion couched as a factual allegation." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Moreover, a federal court does not act as an advocate for a self-represented claimant. *See Brock v. Carroll*, 107 F.3d 241, 242-43 (4th Cir. 1996); *Weller v. Department of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

This court has unsuccessfully attempted to determine the nature of the claims from a generous construction of the papers, but colorable claims cannot be fashioned from this senseless pleading. Given the materials presented before this court and Brown's litigation history, his complaint shall be summarily dismissed without allowing amendment/supplementation or the issuance of summons. A separate Order follows.

Date: May 1, 2013.  /s/_____
Ellen Lipton Hollander
United States District Judge